UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br>PARLOR BELLEVUE LLC,<br><br>Debtor,<br><br>EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Parlor Bellevue, LLC<br><br>Plaintiff,<br><br>v.<br><br>PREMIUM ASSIGNMENT CORPORATION,<br><br>Defendant. | CASE NO. C18-1336 RAJ<br><br>ORDER |

This matter comes before the Court on Defendant Premium Assignment Corporation's ("PAC") Motion for Partial Withdrawal of Reference ("Motion"). Dkt. # 1-1. Plaintiff has not filed a response in this case but indicated in proceedings before the Bankruptcy Court that he did not object to the Motion. *Id*. at 31. For the reasons stated

below, the Court **GRANTS IN PART AND DENIES IN PART** PAC's Motion and **REFERS** this case to the Bankruptcy Court for all pretrial proceedings in accordance with this Order.

## I. BACKGROUND

Plaintiff Edmund J. Wood, the Chapter 7 Trustee for the estate of Parlor Bellevue LLC (the "Parlor Bellevue" or "Debtor"), brought an adversary proceeding against PAC seeking to avoid and recover certain alleged fraudulent transfers. Dkt. # 1-1 at 1-4. Plaintiff seeks a judgment against PAC in the amount of $104,206.24, which allegedly represent repayments of two secured loans made by PAC that enabled the Debtor to purchase and obtain insurance coverage. *Id*. at 15-22. On August 15, 2018, PAC filed its Answer to Plaintiff's Complaint, and indicated that it did not consent to a jury trial before the Bankruptcy Court in this adversary proceeding. *Id*. at 23-30. PAC then filed the present Motion, which is now before the Court. Dkt. # 1.

## II. DISCUSSION

Pursuant to Local Civil Rule 87(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" are automatically referred to the bankruptcy court. W.D. Wash. Local Civ. R. 87(a). A district court has the authority to withdraw the reference in whole or in part, sua sponte or on motion of any party, for cause shown. 28 U.S.C. § 157(d).

A bankruptcy court's statutory authority to enter judgment in a particular proceeding depends on whether that proceeding is a "core proceeding" under § 157. § 157(b)(1). Thus, in assessing whether cause is shown, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp*., 4 F.3d 1095, 1101 (2d Cir. 1993). There is no exact definition of a core proceeding, although, 28 U.S.C. § 157(b)(2)(B) provides a non-exhaustive list. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). Bankruptcy courts "may enter appropriate orders and judgments"

in core proceedings. 28 U.S.C. § 157(b)(1). A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Security Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Bankruptcy courts must submit proposed findings of fact and conclusions of law to the district court for de novo review in non-core proceedings. 28 U.S.C. § 157(c)(1).

Here, PAC admits that the adversary proceeding is a "core matter." Dkt. # 1-1 at 28. PAC further argues that its demand for a jury trial "requires" that the reference be withdrawn. *Id*. at 8-10. The Court does not necessarily agree, as the demand for a jury trial does not necessitate automatic withdrawal of the reference. *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787–788 (9th Cir. 2007); *see also Flores v. Gray Servs. LLC*, No. CV-14-01075-PHX-DGC, 2014 WL 4179888, at *2 (D. Ariz. Aug. 18, 2014) ("The fact that a jury trial has been demanded is not alone sufficient to require withdrawal of the reference."). Accordingly, to the extent PAC's Motion requests mandatory withdrawal, PAC's Motion is **DENIED**.

The question then turns to whether to grant permissive withdrawal of the reference. While the authority cited in PAC's Motion is mostly old or out-of-circuit, PAC briefly cites to *Stern v. Marshall*, 564 U.S. 462 (2011), "and its progeny" in arguing that the fraudulent transfer issues should not be resolved by the Bankruptcy Court. Dkt. # 1-1 at 29. One of *Stern*'s "progeny" is the Ninth Circuit's decision in *In Re Bellingham Ins. Agency, Inc.*, which cited *Stern* and recognized that fraudulent conveyance claims are defined as "core" under § 157(b), but nonetheless "cannot be adjudicated by non-Article III judges." *In Re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 561 (9th Cir. 2012). Moreover, following the decision in *Stern*, the Supreme Court held in *Arkison* that these so-called *Stern* claims are permitted "to proceed as non-core within the meaning of § 157(c)." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35 (2014). When *Stern* claims are involved, bankruptcy courts may only submit proposed findings of fact and conclusions of law to the district court. *See* 28 U.S.C. § 157(c)(1) (in a non-core

proceeding, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge").

Accordingly, for the fraudulent conveyance claims in this case, the Court may treat these traditionally core claims as non-core because PAC did not consent to adjudication before the Bankruptcy Court. *In re Nw. Territorial Mint, LLC*, C16-01895-JCC, 2017 WL 568821, at *3 (W.D. Wash. Feb. 13, 2017) (finding that fraudulent conveyance claims are non-core if both parties do not consent to adjudication by bankruptcy court). Once a district court determines whether the claims are core or non-core, the Ninth Circuit instructs district courts to consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of non-core bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–1009. District courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451; *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 215 (C.D. Cal. 2014).

While the Court's task here is made more difficult than it should be due to PAC's sparse briefing on the issue, the Court believes that partial withdrawal is warranted in this case. References to Bankruptcy Courts "promote[ ] judicial economy and efficiency by making use of the [Courts'] unique knowledge of Title 11 and familiarity with the actions before them." *In re Healthcentral.com*, 504 F.3d at 787-88 (citing *City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D. Ala. 1989) (en banc)). Because this case has been before the bankruptcy court since June 2016, Judge Alston would be familiar with the underlying facts and legal issues. Permitting pretrial

matters to be held by Judge Alston is thus an efficient use of judicial resources, given Judge Alston's familiarity with this case and expertise. Withdrawal for purposes of conducting a jury trial may also promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of bankruptcy determinations. *Sec. Farms,* 124 F.3d at 1008–1009.

As such, an efficient allocation of judicial resources would allow the bankruptcy court to maintain jurisdiction over pretrial matters, as both parties suggest. "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, 504 F.3d at 778 (citing *Disbursing Agent of Murray F. Hardesty Estate v. Severson* (*In re Hardesty*), 190 B.R. 653, 657 (D. Kan. 1995)). Delaying the effective date of withdrawal (by referring all pretrial matters to Judge Alston) will not give rise to any undue costs or delays, even if the Court is ultimately called upon to make a final judgment, "given the efficiencies of having the bankruptcy court deal with the issues in the first instance." *In re Heller Ehrman LLP*, 464 B.R. 348, 360 (N.D. Cal. 2011). The fourth factor, prevention of forum shopping, is not addressed by any party and does not appear to be a pressing issue in this case. In any event, this factor does not appear to be relevant as only this Court has "the power to enter final judgment" on this proceeding. *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 445-46 (N.D. Cal. 2016) (citing *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011)).

//
//
//
//

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** PAC's Motion. Dkt. # 1-1. The Court will **WITHDRAW** the reference for purposes of holding a jury trial before this Court, if necessary, but will **REFER** all pre-trial matters to Judge Alston.

DATED this 28th day of March, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge